`

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FARM LABOR ORGANIZING COMMITTEE ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> JOSHUA STEIN ET AL., <br><br> Defendants, <br><br> and <br><br> NORTH CAROLINA FARM BUREAU FEDERATION, INC., <br><br> Proposed Defendant-Intervenor. | Case No.: 1:17-cv-01037 |

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION**

North Carolina Farm Bureau Federation, Inc. ("NC Farm Bureau") files this memorandum of law in support of its Motion for Reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure and, in the alternative, Rules 60(b) ,[1] and 54(b).[2] NC Farm Bureau submits new evidence which was not previously available and which is material to its Motion to Intervene. (D.E. 21.) For the reasons stated below, this

---

[1] This Court's denial of NC Farm Bureau's Motion to Intervene is the proper object of a Rule 59(e) motion. See Asset Holding Co. 5, LLC v. Cornblum, No. 2:12-cv-00034, 2013 WL 5883800 (W.D.N.C. Oct. 31, 2013). However, if this Court deems a Rule 59(e) motion to be improper, NC Farm Bureau moves for reconsideration under Rule 60(b).

[2] In conjunction with this filing, NC Farm Bureau will file a Notice of Appeal with the Fourth Circuit. Pursuant to Rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedure, this Court retains jurisdiction to dispose of NC Farm Bureau's Rule 59(e) and Rule 60(b) Motion for Reconsideration. However, if this Court deems a motion under both Rule 59(e) and 60(b) to be improper, NC Farm Bureau moves for reconsideration under Rule 54(b). In such an instance, this Court would lack jurisdiction due to the pending appeal. Accordingly, NC Farm Bureau's alternative Motion for Reconsideration under Rule 54(b) is made pursuant to Rule 62.1, which permits a court to grant an indicative ruling when the motion would be otherwise barred due to a pending appeal.

Honorable Court should grant NC Farm Bureau's Motion for Reconsideration and allow its intervention in this case.

## STATEMENT OF THE CASE

Plaintiffs, a labor union and union members, allege Section 20.5 of the North Carolina Farm Act of 2017 (hereinafter the "Section 20.5") violates their constitutional rights. NC Farm Bureau seeks to intervene to oppose Plaintiffs' claims and preserve the protections afforded North Carolina farmers by Section 20.5.

## FACTS

### Procedural Background

1. Plaintiffs, a labor union and union members, filed the Complaint on November 15, 2017. (D.E. 1.)

2. On January 25, 2018, NC Farm Bureau timely filed a motion to intervene and memorandum in support thereof. (D.E. 21, 22.) NC Farm Bureau moved for intervention as of right under Rule 24(a) and for permissive intervention under Rule 24(b).

3. On February 5, 2018, Plaintiffs filed a First Amended Complaint replacing Defendant Roy Cooper with Defendant Josh Stein, the North Carolina Attorney General. (D.E. 31.)

4. On March 1, 2018, NC Farm Bureau filed a reply brief to Plaintiffs' response in opposition to NC Farm Bureau's Motion to Intervene. (D.E. 43.)

5. On March 2, 2018, Defendant Stein filed a Motion to Dismiss the First Amended Complaint. (D.E. 44, 45.) The Motion presented a legal challenge to Plaintiffs' First Amended Complaint, contending Plaintiffs lacked standing to challenge Section 20.5 and raising arguments under Rules 12(b)(2) and 12(b)(6). (D.E. 45.) Critically, Defendant Stein did not offer any meaningful opposition to Plaintiffs' motion for a preliminary injunction enjoining Section 20.5's enforcement during the pendency of this case. (D.E. 7, 46.)

6. The Motion was fully briefed, and on August 21, 2018 the Magistrate Judge issued a Memorandum Opinion and Recommendation, recommending the denial of Defendant Stein's Motion to Dismiss (D.E. 44), the denial of NC Farm Bureau's Motion to Intervene (D.E. 21), and the granting of Plaintiffs' Motion for Preliminary Injunction (D.E. 7).

7. The deadline to file objections to the Memorandum Opinion and Recommendation was set as September 4, 2018. (D.E. 4.) On August 29, 2018 Defendant Stein filed a motion for extension of time to file objections to the Memorandum Opinion and Recommendation. (D.E. 58.) Plaintiffs consented to the delay. Id. On August 30, 2018, the Court allowed Defendant Stein until September 11, 2018 to file his objections.

8. NC Farm Bureau filed objections to the Memorandum Opinion and Recommendations on September 4, 2018. (D.E. 59.) Defendant Stein never filed any

objections to the Memorandum and Recommendations. In so doing he waived any right to appeal certain issues raised in his motion to dismiss[3] and the preliminary injunction motion.

9. On September 20, 2018, this Court adopted the Magistrate's Recommendation and granted Defendant Warren's Motion to Dismiss (D.E. 39), denied Defendant Stein's motion to dismiss (D.E. 44), denied NC Farm Bureau's motion to intervene (D.E. 21), and granted the motion for preliminary injunction (D.E. 34). (D.E. 62.)

10. On September 26, 2018, Defendant Stein filed a motion for extension of time to answer the First Amended Complaint. (D.E. 63.) Plaintiffs consented to the delay. Id. The Court then allowed Defendant Stein until November 5, 2018 to answer the First Amended Complaint.[4]

**The Court's Order**

11. In ruling on NC Farm Bureau's motion for permissive intervention, the Court found that NC Farm Bureau's intervention would not benefit the litigation and that its legal position overlapped with Defendant Stein's. (D.E. 56 pp 59-60; D.E. 62.)

---

[3] Intervenors acknowledge that certain defenses cannot be waived, such as lack of subject matter jurisdiction.
[4] No other parties have sought intervention since the Court's ruling or since the Complaint was filed in November 2017.

12. In ruling on NC Farm Bureau's motion for intervention as of right, the Court found that NC Farm Bureau and Defendant Stein share the "same ultimate objective" with regard to Section 20.5. (D.E. 56 p 52; D.E. 62.)

13. As a result of this finding that NC Farm Bureau and Defendant Stein share the "same ultimate objective," this Court applied a "strong presumption" that Defendant Stein adequately represented NC Farm Bureau's interests, which the Court held could only be overcome by a "strong showing" of inadequacy. (D.E. 56 pp 52-53, 55; D.E. 62.)

14. Applying this presumption, the Court denied NC Farm Bureau's motion for intervention as of right holding that NC Farm Bureau could not make the "strong showing" of inadequacy. (D.E. 56 pp 53, 55 (noting NC Farm Bureau was unable to overcome the strong presumption of adequate representation); D.E. 62.)

### New Evidence

15. On September 27, 2018, the North Carolina Attorney General's Office posted on its official Twitter account (@NCAGO) a photograph of Defendant Stein addressing a local labor union, with a quote from his remarks. The quote reads, "Unions provide a critical voice to the workers they represent, which benefits both employees and employers. *That's why I have been fighting in the courts to protect your rights.*" (Emphasis added.) A true and accurate copy of the post is attached hereto as **"Exhibit A."** The tweet is also available at https://twitter.com/ncago?lang=en. Tweets posted on the North Carolina Attorney General's Office's official Twitter account are also posted

on the front page of the North Carolina Department of Justice website, NCDOJ.gov, along with a hyperlink to the Department's official Twitter account.

16. On September 27, 2018, Defendant Stein made the exact same post to his personal Twitter account. A true and accurate copy of Defendant Stein's personal Twitter post is attached hereto as **"Exhibit B."** It is also available at https://twitter.com/JoshStein. Thus, while this case has been pending, in both his official and personal capacities, Defendant Stein made public statements that he is presently fighting for union rights "in the courts."

17. The Plaintiffs in this case are a labor union and union members. They allege Section 20.5 strips them of "significant legal rights" (D.E. 31 ¶ 1), and that NC Farm Bureau engaged in a backlash against them resulting in the deprivation of their rights. (D.E. 31 ¶¶ 63-64.)

18. Thus, at the same time Defendant Stein is publicizing, in his personal and official capacities, that he is "fighting in the courts" for the rights of union members, NC Farm Bureau and its members are relying on him to fight in court *against* union members in a lawsuit involving alleged union rights.[5]

---

[5] Defendant Stein's statement that he has been "fighting in the courts" for union rights was made within approximately two weeks of his decision not to challenge the magistrate's recommendation that this Court grant Plaintiffs' motion to enjoin enforcement of Section 20.5.

PD.24738882.1

## ANALYSIS

**I. Standard of Review**

    **A. Rule 59(e)**

Rule 59(e) of the Federal Rules of Civil Procedure provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The instant motion for reconsideration of this Court's September 20, 2018 Order (D.E. 62) has been timely filed within this time period. "[T]here are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). "[I]f a party relies on newly discovered evidence in its Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." Id. (quoting Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)).[6] [7] There is such justification in this case because the new evidence at issue did not exist at the time NC Farm Bureau filed its

---

[6] Rule 60(b) of the Federal Rules of Civil Procedure provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) … [and] any other reason that justifies relief." Fed. R. Civ. P. 60(b). In order to prevail on a motion seeking relief under Rule 60(b), a movant must show three threshold conditions: "[1] that his motion is timely, [2] that he has a meritorious defense to the action, and [3] that the opposing party would not be unfairly prejudiced by having the judgment set aside." Clayton v. Ameriquest Mortg. Co., 388 F. Supp. 2d 601, 606 (M.D.N.C. 2005) (brackets in original) (quoting Park Corp. v Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987)). If the threshold conditions are met, the movant must then show that it has "satisfied one or more of the six grounds for relief in 60(b)(1)-(6)." Id. (citation omitted).

[7] Rule 54(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b)

objections to the Magistrate Judge's Memorandum Opinion and Recommendations. (D.E. 59.)

## II. Argument

The Court based its denial of NC Farm Bureau's Motion to Intervene on findings that NC Farm Bureau (1) shared the "same ultimate objective" with Defendant Stein (D.E. 56 p 52; D.E. 62), (2) failed to make a strong showing that Defendant Stein would not adequately represent its interests (D.E. 56 pp 53, 55; D.E. 62), and (3) would not benefit the litigation. (D.E. 56 pp 59-60.) In recent weeks, Defendant Stein has acted to undermine these findings. He publicly stated, in both his official capacity as the Attorney General of North Carolina and in his personal capacity, that he is presently fighting in court for union rights. Moreover, shortly before making those statements he chose not to object to the Memorandum Opinion and Recommendations, thereby voluntarily waiving the right to appeal certain issues raised therein and allowing the injunction of Section 20.5. These actions underscore that NC Farm Bureau's interests have not been and will not be adequately represented by Defendant Stein, the only remaining defendant in this case. This Court should grant NC Farm Bureau's Motion to Intervene for the reasons outlined in its previous filings[8] and because it would be unjust to conclude that NC Farm Bureau's interests are adequately represented by a party who is simultaneously pledging to fight in court for the rights of its opponent and taking actions consistent with that pledge.

---

[8] See D.E. 21, 22, 43, and 59.

PD.24738882.1

### A. NC Farm Bureau does not share the "same ultimate objective" as Defendant Stein.

Put simply, Plaintiffs, a labor union and union members, claim that to vindicate their rights Section 20.5 must be struck down. NC Farm Bureau's ultimate objective in this case is to oppose the union's attack on Section 20.5 and thereby preserve its important protections for North Carolina farmers.[9] Defendant Stein's recent public statements praising unions and boasting that he has "been fighting in the courts" to protect their rights show that he does not share this objective. To be "fighting in the courts to protect [union] rights" would require Defendant Stein to fight against NC Farm Bureau in this case, not join with it in vigorously defending its interests in Section 20.5. These statements suggest that even if Defendant Stein continues to litigate this case, it will not be in pursuit of NC Farm Bureau's objectives.

Because Defendant Stein does not share the same objective as NC Farm Bureau, NC Farm Bureau's motion to intervene is not subject to the presumption that Defendant Stein can adequately represent its interests. (See D.E. 56 p 52 ("When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented . . . .") (citing Virginia v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir. 1976); D.E. 62; See Stuart v. Huff, 706 F.3d 345, 348-49, 351 (4th Cir. 2013).) Thus, NC Farm Bureau should not be held to the higher burden

---

[9] See D.E. 21 Ex. A at ¶¶ 11-12 (wherein a NC Farm Bureau member and farmer explains that before Section 20.5 NC farmers could be pressured into unionizing by being forced to choose between paying crushing legal fees in union-driven litigation or unionizing); D.E. 21 (noting that if Plaintiffs succeed in invalidating Section 20.5, NC Farm Bureau's members will be exposed to the increased administrative costs and burdens of withholding and paying union dues, and to threats of repeated and expensive lawsuits from labor unions intended to force NC Farm Bureau's members into collective bargaining agreements).

- 9 -

PD.24738882.1

Case 1:17-cv-01037-LCB-LPA   Document 65   Filed 10/18/18   Page 9 of 18

applied to the proposed intervenors in Stuart v. Huff, 706 F.3d 345 (4th Cir. 2013)[10], rather its burden to show inadequate representation "should be treated as minimal." Teague v. Bakker, 931 F.2d 259, 262 (4th Cir. 1991) (quoting Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972) ("The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.")).

For reasons stated herein, and in its previous filings, NC Farm Bureau has satisfied this minimal burden. (See D.E. 21, 22, 43, 59.) Accordingly, it has a right to intervene in this lawsuit. See Feller v. Brock, 802 F.2d 722, 729 (4th Cir. 1986) (noting "that liberal intervention is desirable to dispose of as much of a controversy 'involving as many apparently concerned persons as is compatible with efficiency and due process'"); In re Lease Oil Antitrust Litig., 570 F.3d 244, 248 (5th Cir. 2009) (noting that Rule 24(a) intervention "is to be liberally construed," with "doubts resolved in favor of the proposed intervenor"); § 1904 Construction of Rule, 7C Fed. Prac. & Proc. Civ. § 1904 (3d ed.) ("When evaluating whether the requirements for intervention of right are met, a court normally follows practical and equitable considerations and construes the governing rule broadly in favor of the proposed intervenors . . . ."); See also Advisory Committee Notes, Fed. R. Civ. P. 24 ("If [a potential intervenor] would be substantially affected in a

---

[10] The proposed intervenor in Stuart was comprised of three separate groups with distinct interests, whereas NC Farm Bureau is a single organization representing the interests of farming families across North Carolina. Stuart, 706 F.3d at 350 ("Adding three groups of intervenors would necessarily complicate the discovery process and consume additional resources of the court and the parties.").

practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene . . . .").

### B. Defendant Stein Cannot Adequately Represent NC Farm Bureau's Interests.

Even if NC Farm Bureau and Defendant Stein share the same ultimate objective with regard to Section 20.5, Defendant Stein cannot adequately represent NC Farm Bureau's interest in this case. Specifically, Defendant Stein's statements and actions in recent weeks further prove that there is adversity of interest between his interest and those of NC Farm Bureau. Moreover, these actions are further evidence of nonfeasance. Any one of these factors alone is a sufficient basis to find that Defendant Stein cannot adequately represent NC Farm Bureau's interests. See Stuart, 706 F.3d at 350, 352-55 (4th Cir. 2013).

#### 1. Adversity of Interest

Defendant Stein's recent statements and actions further illustrate the adversity of interests that NC Farm Bureau demonstrated previously. Adversity of interests sufficient to rebut the presumption of adequacy of representation will be found where an intervenor demonstrates that its interests diverge from the existing parties. See Texas v. United States, 805 F.3d 653, 662 (5th Cir. 2015) (holding that proposed intervenors showed adversity of interest and were entitled to intervene because they specified how their interests diverged from the existing party's and identified how that divergence impacted the litigation).

As NC Farm Bureau pointed out previously, while Defendant Stein, a government official, should "in theory" represent the interests of all citizens of North Carolina, he cannot simultaneously represent the interests of NC Farm Bureau, an association of farmers that support Section 20.5 for legitimate business and economic reasons, and union members seeking to invalidate Section 20.5 so as to preserve their ability to compel farmers to unionize.[11]  (D.E. 59 pp 8-9 (citing In re Sierra Club, 945 F.2d 776, 780 (4th Cir. 1991)).)  Defendant Stein's recent statements that he is fighting for union rights in court highlight this adversity of interests.  Moreover, his statements reveal an additional basis to conclude that his interests diverge from NC Farm Bureau's because they indicate he has an interest in seeing that Plaintiffs (a union and union members) have their rights vindicated in court, an interest completely adverse to NC Farm Bureau's.

### 2. Nonfeasance

Defendant Stein's failure to file any objection to the Magistrate Judge's Recommendation, which was subsequently adopted in its entirety by this Court, further demonstrates nonfeasance.  (D.E. 62.)  As the Court warned, if a party fails to timely file objections to the Recommendation, that party "may waive [its] right to question on appeal the substance of the Memorandum Opinion and Recommendation of the Magistrate Judge accepted by the District Judge."  (D.E. 57.)  By failing to offer any objection to the Magistrate Judge's Recommendation, Defendant Stein, the only

---

[11] As discussed at length in its previous filings, NC Farm Bureau's interests diverge from Defendant Stein's interests because (1) unlike the present defendant, NC Farm Bureau's members (North Carolina farming families) will be personally impacted, both financially and otherwise, by the outcome of this litigation, and (2) according to Plaintiffs and the Court, Defendant Stein is charged with prosecuting potential violations of Section 20.5. (D.E. 56 p 11 (quoting D.E. 31 ¶ 90).)

Defendant in this case, waived his right to argue on appeal certain issues raised in his Motion to Dismiss. Defendant Stein also waived his right to appeal the preliminary injunction, meaning Section 20.5 is enjoined from enforcement during the pendency of this litigation.

These decisions coupled with his statements in favor of union rights support a finding that the he does not adequately represent NC Farm Bureau's interests in this case. See Feller, 802 F.2d at 730 (signaling that courts may consider not only the nature of the state entity that is the existing defendant but also "its conduct in [the] litigation to date" in determining whether the state agency can "adequately represent the interests of intervenors"). Further, they are consistent with a party interested in fighting for union rights in court, as opposed to preserving Section 20.5's protection for farmers. Accordingly, by failing to file objections to the Recommendation, Defendant Stein has further indicated he will not adequately represent NC Farm Bureau's interests in this litigation. See California ex rel. Lockyer v. United States, 450 F.3d 436, 444-45 (9th Cir. 2006) (noting that where an intervenor demonstrates the government likely will abandon or concede a potentially meritorious reading of a challenged statute, the intervenor will be viewed as having overcome the presumption that the government adequately represents its interests)).

### 3. NC Farm Bureau's interests will not be fairly represented.

In bringing this action to challenge the constitutionality of Section 20.5, Plaintiffs chose not to file suit against the organization they allege instigated Section 20.5 (NC

Farm Bureau) or the legislative body that passed it. (D.E. 1.) While they initially included the Governor as a Defendant, they later dismissed him and replaced him with Defendant Stein. (D.E. 30 and 31.) Now, after the dismissal of Defendant Warren, Plaintiffs (comprised of a union and two union members) are litigating this case against a single defendant whose recent public statements and actions indicate a predisposition toward the rights of union members. That same defendant recently voluntarily waived his right to appeal the Court's grant of a preliminary injunction and certain issues related to the denial of his motion to dismiss. Meanwhile, Plaintiffs vehemently oppose the intervention of NC Farm Bureau, preferring to leave the defense of Section 20.5 to a party that recently boasted that he was "fighting in court" for the rights of union members. This procedural maneuvering indicates an attempt to go behind the North Carolina General Assembly and the State's governor in order to invalidate a law enacted with bi-partisan support. At a minimum it further demonstrates that NC Farm Bureau's and its members' interests will not be fairly represented in this case.

### C. NC Farm Bureau's intervention will contribute to the full development of the factual issues and legal arguments in this case.

In determining whether to grant permissive intervention, "courts may consider whether such intervention will 'contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" Students for Fair Admissions Inc. v. Univ. of N. Carolina, 319 F.R.D. 490, 496 (M.D.N.C. 2017). Defendant Stein's recent statements underscore his inability to represent the perspective of North Carolina farmers, a constituency that will be

substantially impacted by the outcome of this lawsuit.  For this reason and those set forth in NC Farm Bureau's prior filings, this Court should permit NC Farm Bureau's intervention in this case because the presence of an opposing viewpoint that represents North Carolina farmers will contribute to the full development of the factual and legal issues in this case.

## **CONCLUSION**

For the foregoing reasons, NC Farm Bureau respectfully requests the court allow its motion to intervene.

Respectfully submitted this the 18th day of October 2018.

                    PHELPS DUNBAR LLP

                    */s/* Nathan A. Huff
                    Nathan A. Huff
                    N.C. Bar No.: 40626
                    GlenLake One
                    4140 ParkLake Avenue
                    Suite 100
                    Raleigh, North Carolina 27612
                    Telephone: 919-789-5300
                    Telecopier: 919-789-5301
                    nathan.huff@phelps.com
                    *Attorney for North Carolina Farm Bureau Federation, Inc.*

# **CERTIFICATE OF SERVICE**

I certify that on October 18, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

Carol Brooke
North Carolina Justice & Community Development Center
Pob 28068
Raleigh, NC 27611
Email: Carol@Ncjustice.Org

Christopher A. Brook
American Civil Liberties Union Of North Carolina
POB 28004
Raleigh, NC 27611-8004

Clermont Fraser Ripley
North Carolina Justice Center
POB 28068
Raleigh, NC 27611-8068

Julia M. Solorzano
Southern Poverty Law Center
150 East Ponce De Leon Ave.
Suite 340
Atlanta, GA 30030

Meredith B. Stewart
Southern Poverty Law Center
1055 St. Charles Ave., Ste. 505
New Orleans, LA 70130

Robert James Willis
Law Offices Of Robert J. Willis
P.O. Box 1269
Raleigh, NC 27602-1269

Kristi L. Graunke
Southern Poverty Law Center
150 East Ponce De Leon Avenue, Suite 340
Decatur, GA 30030

Emily E. Seawell
Southern Coalition For Social Justice
1415 W. Hwy. 54, Ste. 101
Durham, NC 27707
336-740-4780
Email: Eseawell@Acluofnc.Org

*Attorneys For Plaintiffs*


Matthew T. Tulchin
N. C. Dept. Of Justice
POB 629
Raleigh, NC 27602-0629
*Attorneys For Joshua Stein*

Grady L. Balentine , Jr.
N. C. Department Of Justice
9001 Mail Service Ctr.
Raleigh, NC 27699-9001
*Attorneys For Marion R. Warren*


          PHELPS DUNBAR LLP


          */s/* Nathan A. Huff
          Nathan A. Huff
          N.C. Bar No.: 40626
          GlenLake One
          4140 ParkLake Avenue
          Suite 100
          Raleigh, North Carolina 27612
          Telephone: 919-789-5300
          Telecopier: 919-789-5301
          nathan.huff@phelps.com
          *Attorney for North Carolina Farm Bureau Federation, Inc.*

# CERTIFICATE OF WORD COUNT

As required by Local Rule of Civil Procedure 7.3(d)(1), I certify that the document contains 3,860 words, excluding the parts of the document that are exempted by Local Rule of Civil Procedure 7.3(d)(1)

PHELPS DUNBAR LLP

*/s/* Nathan A. Huff
Nathan A. Huff
N.C. Bar No.: 40626
GlenLake One
4140 ParkLake Avenue
Suite 100
Raleigh, North Carolina 27612
Telephone: 919-789-5300
Telecopier: 919-789-5301
nathan.huff@phelps.com
*Attorney for North Carolina Farm Bureau Federation, Inc.*