IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:17-cv-01037-LCB-LPA

| | |
|---|---|
| **FARM LABOR ORGANIZING COMMITTEE, et al.** ) ) ) ) Plaintiffs, ) ) v. ) ) **JOSHUA STEIN, et al.** ) ) Defendants. ) ) | **ORAL ARGUMENT REQUESTED** |

# PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 and LR 56.1, Plaintiffs move this Court for summary judgment on their claims that Section 20.5 of the 2017 Farm Act ("Section 20.5" or "the Act") violates their rights under the First and Fourteenth Amendments to the United States Constitution and seek entry of a permanent injunction against Defendant. In support of this Motion, Plaintiffs state as follows:

1. The 2017 Farm Act was signed into law by Governor Roy Cooper on July 12, 2017.

2. Section 20.5 of the Farm Act amended N.C. Gen. Stat. § 95-79(b), to remove the text stricken below and to add the language underlined below:

> (b) Any provision that directly or indirectly conditions the purchase of agricultural products, products or the terms of an agreement for the purchase of agricultural products, or the terms of an agreement not to sue or settle litigation upon an agricultural producer's status as a union or nonunion employer or entry into or refusal to enter into an agreement with a labor union or labor organization is invalid and unenforceable as against public policy in

1

> restraint of trade or commerce in the State of North Carolina. <u>Further, notwithstanding G.S. 95-25.8, an agreement requiring an agricultural producer to transfer funds to a labor union or labor organization for the purpose of paying an employee's membership fee or dues is invalid and unenforceable against public policy in restraint of trade or commerce in the State of North Carolina.</u>

*See* DE 34-2 (2017 Farm Act) at 23.

3. The Act renders voluntary dues check-offs and settlement agreements involving union recognition, or entry into an agreement with the union, invalid and unenforceable. In so doing, the Act imposes sweeping obstacles to Plaintiffs' and other farmworkers' rights to engage in the expressive and associative activities of union organizing and to enter voluntary agreements with willing agricultural employers.

4. Plaintiffs filed this action on November 15, 2017, *see* DE 1, and filed a motion to preliminarily enjoin enforcement of the Act on November 20, 2017, *see* DE 7, 8. After amending their Complaint on February 5, 2018 (*see* DE 31), Plaintiffs filed an Amended Motion for a Preliminary Injunction on February 6, 2018. DE 34, 35.

5. On September 20, 2018, this Court adopted the Opinion and Recommendation of Magistrate Judge Auld (DE 56), and entered an order preliminarily enjoining Defendant from enforcing the Act. DE 62.

6. As demonstrated in Plaintiffs' brief and the exhibits supporting this Motion, there is no genuine dispute as to any material fact, and Plaintiffs are entitled to judgment as a matter of law that Section 20.5 of the Farm Act violates the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

2

7. As this Court determined when it adopted Judge Auld's recommendation on Plaintiffs' Amended Motion for a Preliminary Injunction, and as further established by the evidence filed in support of this Motion, Plaintiffs would suffer irreparable harm if the Act were no longer enjoined, including: violation of their First Amendment rights to expression and association; criminal and civil liability should they continue to engage in their regular expressive and associative activities outlawed by the Farm Act; loss of opportunities to negotiate and enter into voluntary union-related agreements with agricultural employers; and irreparable damage to Plaintiff FLOC's core organizational functions and operations. None of these are injuries that monetary damages can address.

8. Entry of a permanent injunction poses no harm to Defendant, as it would restrain enforcement of an unconstitutional law. An injunction would serve the public interest by ensuring that Plaintiffs and other farmworkers may continue to exercise their constitutional rights to expression and association.

9. The Act infringes on the constitutional rights of an estimated 100,000 farmworkers in North Carolina and subjects them and their sole union to criminal and civil liability for engaging in commonplace union organizing activities. In light of this far-reaching impact and the multiple ways in which the Farm Act violates Plaintiffs' constitutional rights, Plaintiffs respectfully request leave to present oral argument related to this Motion on a date to be determined by the Court.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Set a date on which to hear oral argument on this Motion;

(b) Permanently enjoin enforcement of Section 20.5 of the Farm Act;

(c) Order Defendant to immediately notify his officers, agents, employees, and other persons in active concert or participation with him, including the administrative and judicial officials of all state courts, if a permanent injunction is entered;

(d) Order such other relief as this Court deems just and equitable.


Respectfully submitted this 14th day of August, 2020,

/s/ Kristi Graunke
Kristi Graunke
North Carolina Bar No. 51216
kgraunke@acluofnc.org
Jaclyn Maffetore
North Carolina Bar No. 50849
jmaffetore@acluofnc.org
ACLU of North Carolina Legal Foundation
P. O. Box 28004
Raleigh, NC 27611-8004
Tel: 919-834-3466

Julia Solórzano
Georgia Bar No. 928725
julia.solorzano@splcenter.org
Southern Poverty Law Center
P.O. Box 1287
Decatur, GA 30030-1287
Tel: 404-521-6700

Meredith B. Stewart
Louisiana Bar No. 34109
meredith.stewart@splcenter.org
Southern Poverty Law Center
201 St. Charles Ave, Ste. 2000
New Orleans, LA 70170
Tel.:    504-486-8982

Carol Brooke
North Carolina Bar No. 29126
carol@ncjustice.org
Clermont Ripley
North Carolina Bar No. 36761
clermont@ncjustice.org
North Carolina Justice Center
PO Box 28068
Raleigh, NC 27611
Brooke Tel: 919-856-2144
Ripley Tel.: 919-856-2154

Brian Hauss
New York Bar No. 5437751
bhauss@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: 212-549-2500

Robert J. Willis
North Carolina Bar No. 10730
rwillis@rjwillis-law.com
Law Office of Robert J. Willis, P.A.
P.O. Box 1828
Pittsboro, NC 27312
Tel: 919-821-9031

## CERTIFICATE OF SERVICE

I certify that on August 14, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve counsel for Defendant.

/s/ Kristi Graunke  
*Counsel for Plaintiffs*