IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:17-cv-01037-LCB-LPA

| | |
|---|---|
| FARM LABOR ORGANIZING COMMITTEE, et al. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| JOSHUA STEIN, | ) ) |
| Defendant. | ) ) ) |

**PLAINTIFFS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO THE MAGISTRATE JUDGE'S MEMORANDUM OPINION AND RECOMMENDATION AND FOR LEAVE TO EXCEED WORD LIMITS**

Pursuant to L.R. 6.1 and L.R. 7.3(d)(1), Plaintiffs Farm Labor Organizing Committee (FLOC) and Valentin Alvarado Hernández, hereby move this Court for the following relief: (1) a fifteen (15) day extension of the time allotted under Fed. R. Civ. P. 72 for the parties to file objections to the Magistrate Judge's Memorandum Opinion and Recommendation dated February 25, 2021 (DE 124); (2) a 7 day extension of the time normally allotted to the parties to file responses to such objections under Fed. R. Civ. P. 72; and (3) for leave to file objections and/or responses containing up to 8,000 words (1,750 words in excess of the limits established in L.R. 72.4). In support of this motion, Plaintiffs state as follows:

1. In this case, Plaintiffs challenge the facial constitutionality of a state statute, Section 20.5 of the 2017 Farm Act ("Section 20.5"). Generally speaking, Section 20.5 prohibits two categories of agreements between farmworkers, farmworker unions, and agricultural producers: (1) "any provision that directly or indirectly

1

conditions . . . the terms of an agreement not to sue or settle litigation upon an agricultural producer's status as a union or nonunion employer or entry into or refusal to enter into an agreement with a labor union or labor organization" ("Settlement Provision"); and (2) "an agreement requiring an agricultural producer to transfer funds to a labor union or labor organization for the purpose of paying an employee's membership fee or dues" ("Dues Checkoff Provision"). *See* DE 34-2 (2017 Farm Act) at 23.

2. Plaintiffs claim that both provisions violate the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, the Bill of Attainder clause (Article I, Section 10 of the U.S. Constitution) and 42 U.S.C. § 1981. On September 20, 2018, this Court preliminarily enjoined all of Section 20.5 on the grounds that Plaintiffs demonstrated they were likely to succeed on the merits of their claim that Section 20.5 violates the equal protection clause. DE 62 (adopting DE 56).

3. On August 14, 2020, in accordance with this Court's scheduling order, Plaintiffs and Defendant filed cross-motions for summary judgment. *See* DE 106-107, 108-109. Defendant sought summary judgment against Plaintiffs on all claims. DE 106. Plaintiffs' motion sought summary judgment on their claims that both provisions of Section 20.5 violate the First Amendment and Equal Protection clause. DE 108. Unopposed by Plaintiffs, Defendant had successfully moved to expand the word limits for opening and response briefs related to summary judgment from 6,250 to 8,750 words, arguing that the number and complexity of the claims at issue warranted longer briefing. *See* DE 102, 103. In addition to

2

filing longer briefs, the parties submitted approximately 100 exhibits in connection with these motions. On September 29, 2020, the parties' motions were referred to Magistrate Judge L. Patrick Auld for issuance of a recommended ruling.

4. On February 19, 2021, in light of a scheduled April 5 trial date and approaching trial preparation deadlines, the parties jointly moved to postpone trial of this case on the grounds that the still-pending summary judgment motions might obviate the need for trial on some or all of the parties' claims. DE 123. The Court has not yet ruled on this Motion.

5. On February 25, 2021, Judge Auld issued an 89 page opinion in which he recommended that summary judgment be granted for Plaintiffs only as to their claim that the Settlement Provision violates the First Amendment and "in related fashion," the Equal Protection clause. DE 124 at 88-89. He recommended that Defendant's summary judgment motion be granted on all claims excepting Plaintiffs' First Amendment and "first-amendment-related" Equal Protection challenges to the Settlement Provision. *Id.* at 89.

6. Under the standard timelines set out in Fed. R. Civ. P. 72(b), the parties have until March 11, 2021 to file objections to Judge Auld's recommendation, and until March 25, 2021 to file responses thereto. Under L.R. 72.4 and L.R. 7.3(d)(1), such objections and responses are limited to 6,250 words unless the Court provides prior permission to exceed the word limit.

7. This case involves issues of great importance to North Carolina's approximately 100,000 farmworkers and their sole labor union, FLOC. In light of the multiple

claims at issue in these motions (three constitutional claims and one statutory claim), as well as the length of the magistrate judge's opinion and the underlying summary judgment briefs and exhibits, Plaintiffs respectfully request that the parties be granted up to and including March 26, 2021 (an additional 15 days added to the standard 14 days) to file objections to the February 25 Opinion and Recommendation, and up to and including April 16, 2021 (an additional 7 days added to the standard 14 days) for filing and responses thereto. This additional time would enable thorough analysis of the Magistrate Judge's opinion and the preparation of more precise objections and briefing related to the proposed disposition of Plaintiffs' claims.

8. For the same reasons, Plaintiffs reasonably believe it will be very difficult to provide the "specific written objections" required by Fed. R. Civ. P. 72(b)(2), particularly as to the multiple claims on which the Magistrate Judge recommended summary judgment be granted, without going beyond the usual 6,250 word limit. Plaintiffs thus respectfully request that the Court grant all parties permission to file objections and responses of up to and including 8,000 words in length.

9. Plaintiffs' counsel conferred with Defendant by telephone and email prior to filing this Motion. Defendant consents to Plaintiffs' request for an extension of time to file objections and requested that Plaintiffs also seek a 7 day extension for any responses, which Plaintiffs have incorporated into this Motion. Defendant takes no position on Plaintiffs' request for increased word limits, but asks that any increased word limits apply to both parties.

10. This Motion complies with Fed. R. Civ. P. 6(b) and L.R. 6.1(a) because it is supported by good cause as set forth above, is filed before the deadlines at issue have expired,[1] indicates prior consultation with opposing counsel, and represents the views of opposing counsel.

11. A proposed order is attached as an exhibit to this Motion.

WHEREFORE, Plaintiffs respectfully request that this Court order that:

a. Plaintiffs and Defendant shall have up to and including March 26, 2021 to file objections to the Magistrate Judge's Memorandum Opinion (DE 124), and up to and including April 16, 2021 to file responses to any such objections; and

b. The word limits under L.R. 72.4 be extended to allow the parties to file objections containing no more than 8,000 words and responses containing no more than 8,000 words.

Respectfully submitted,

/s/ Kristi Graunke
Kristi Graunke
North Carolina Bar No. 51216
kgraunke@acluofnc.org
Jaclyn Maffetore
North Carolina Bar No. 50849
jmaffetore@acluofnc.org
ACLU of North Carolina Legal Foundation
P. O. Box 28004
Raleigh, NC 27611-8004
Tel: 919-834-3466

Julia Solórzano
Georgia Bar No. 928725
julia.solorzano@splcenter.org
Southern Poverty Law Center
P.O. Box 1287
Decatur, GA 30030-1287
Tel: 404-521-6700

---

[1] As stated above, the parties have already jointly sought to extend the potential April 5, 2021 trial start date set in this case in light of the possibility that this case will be resolved in summary judgment proceedings--which is also the outcome contemplated by the Opinion and Recommendation.

5

Meredith B. Stewart
Louisiana Bar No. 34109
meredith.stewart@splcenter.org
Southern Poverty Law Center
201 St. Charles Ave, Ste. 2000
New Orleans, LA 70170
Tel.:    504-486-8982

Carol Brooke
North Carolina Bar No. 29126
carol@ncjustice.org
Clermont Ripley
North Carolina Bar No. 36761
clermont@ncjustice.org
North Carolina Justice Center
PO Box 28068
Raleigh, NC 27611
Brooke Tel: 919-856-2144
Ripley Tel.: 919-856-2154
Fax: 919-856-2175

Brian Hauss
New York Bar No. 5437751
bhauss@aclu.org
Arianna Demas
ademas@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: 212-549-2500
Fax: 212-549-2650

Robert J. Willis
North Carolina Bar No. 10730
rwillis@rjwillis-law.com
Law Office of Robert J. Willis, P.A.
P.O. Box 1828
Pittsboro, NC 27312
Tel: 919-821-9031
Fax: 919-821-1763

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on March 2, 2021, I electronically filed the foregoing and all exhibits with the Clerk of the Court using the CM/ECF system, which will serve counsel for Defendant.

/s/ Kristi Graunke
*Counsel for Plaintiffs*
