IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

No. 1:17-cv-1037

| | |
|---|---|
| FARM LABOR ORGANIZING COMMITTEE, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>JOSHUA STEIN,<br><br>*Defendant*. | **Memorandum of Law in Support of Defendant's Motion in Limine #2:**<br><br>***Exclude Irrelevant and Unfairly Prejudicial Evidence*** |

Defendant Joshua Stein, in his official capacity as Attorney General of North Carolina, by and through undersigned counsel, submits this brief in support of his Motion in Limine to exclude or limit specific evidence that is irrelevant and unfairly prejudicial.[1]

## ARGUMENT

**The Racial and Ethnic Makeup of the North Carolina General Assembly Is Not Relevant to the Claims in This Case, and Considering It Would Be Improper and Unfairly Prejudicial to Defendant.**

On pages 12 and 16 of their memorandum in support of their motion for summary judgment (DE 109), Plaintiffs made claims about the racial and ethnic composition of the North Carolina General Assembly. It appears these assertions may be seeking to suggest or imply that the General Assembly is entitled to less deference if its membership is not

---

[1] Defendant is filing this motion without knowing for sure whether Plaintiffs will ultimately plan to introduce at trial the evidence discussed herein. To the extent Plaintiffs' pre-trial disclosures, when received, may give Defendant cause to expand upon this motion, Defendant reserves the right to do so via an objection to those disclosures.

composed of a specified demographic proportion, or that the demographics of the legislature are somehow relevant to its motives. (*See also* DE 112 at 18 (Pls' Resp. to Def's MSJ) ("These legislative activities — conducted in a General Assembly that has had at most two Latinx members — have occurred over a period during which the state's Latinx and immigrant populations have grown substantially."). The Court should prohibit the evidence from being offered at trial for that, or a similar, purpose.

As noted in Defendant's other motion in limine, the Fourth Circuit has recently explained that a court "*must* afford the state legislature a presumption of good faith. For a finding of past discrimination neither shifts the allocation of the burden of proof nor removes the presumption of legislative good faith." *NAACP v. Raymond*, 981 F.3d 295, 303 (4th Cir. 2020) (citations and internal quotations omitted); *accord Abbott v. Perez*, 138 S. Ct. 2305, 2324-25 (2018). Any use of legislators' racial or ethnic heritage to remove the presumption of legislative good faith, or even as evidence against that presumption, would violate the *Abbott/Raymond* principle in a greater way than even those cases contemplated. Such evidence is irrelevant under Fed. R. Evid. 401 (and to be excluded under Fed. R. Evid. 402) for the purpose of evaluating Plaintiffs' claims here, including those relating to the legislature's motives in enacting Section 20.5.

Moreover, even if the evidence is assumed to have some sliver of relevance, that relevance would be substantially outweighed by the risk of unfair prejudice stemming from making assumptions about peoples' motives or intent based on their race or ethnicity. Fed.

R. Evid. 403. Such assumptions are inconsistent with the Equal Protection Clause and unnecessary to the Court's work here.[2]

**CONCLUSION**

For the foregoing reasons, Defendant respectfully submits that his Motion in Limine should be granted and the evidence discussed herein excluded.

Respectfully submitted, this 26th day of March, 2021.

<div style="margin-left: 50%;">

JOSHUA H. STEIN
Attorney General

/s/ Matthew Tulchin
Matthew Tulchin
Special Deputy Attorney General
N.C. State Bar No. 43921
mtulchin@ncdoj.gov

/s/ Phillip A. Rubin
Phillip A. Rubin
Special Deputy Attorney General
N.C. State Bar No. 51963
prubin@ncdoj.gov

N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Tel: 919.716.6900
Fax: 919.716.6763

*Counsel for Defendant*

</div>

---

[2] Nor can Defendant agree that the racial or ethnic heritage of North Carolina's legislators can be so easily assumed anyway. Seeking to prove that composition reliably at trial would therefore also violate Rule 403's prohibition on evidence with its probative value substantially outweighed by "undue delay." It would risk a sideshow unnecessary to resolve the matters at hand.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(1), the undersigned counsel hereby certifies that the foregoing Memorandum, including body, headings, and footnotes, complies with the required word limitations for memoranda in support of motions.

This the 26th day of March, 2021.

                                                    /s/ Matthew Tulchin
                                                    Matthew Tulchin
                                                    Special Deputy Attorney General