| | | |
|---|---|---|
| FARM LABOR ORGANIZING COMMITTEE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:17CV1037 |
| | ) | |
| JOSHUA STEIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Recommendation of the United States Magistrate Judge was filed with the Court

in accordance with 28 U.S.C. § 636(b) and, February 25, 2021, was served on the parties in

this action. (ECF Nos. 124, 125.)  Plaintiffs and Defendants filed objections to the Magistrate

Judge's Recommendation, to which the other party responded.  (*See* ECF Nos. 129-32.)  The

Court has appropriately reviewed the Magistrate Judge's Recommendation and has made a *de*

*novo* determination in accord with the Magistrate Judge's Recommendation.*   The Court

---

\* One of Plaintiffs' objections merits further discussion.  Specifically, Plaintiffs maintain that the Recommendation "wrongly contends that § 1981 applies only to claims based on race" rather than also applying "to alienage-based claims." (ECF No. 130 at 28.)  As a preliminary matter, Plaintiffs failed to raise this contention in response to Defendant's arguments that Section 1981 required Plaintiffs to establish their status as a racial minority subject to intentional race-based discrimination (*see* ECF No. 107 at 27-29) and that summary judgment remained proper because Plaintiffs failed to show either "that Defendant intentionally discriminated against them because of their race" (*id.* at 28) or that "they were denied a protected right that is otherwise enjoyed by other races" (*id.* at 29). (*See generally* ECF No. 112 (failing to address Section 1981 claim independently of equal protection claim).)  By failing to respond to this issue in their summary judgment briefing, Plaintiffs both conceded it, *see, e.g., Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08CV918, 2010 WL 1667285, at *8 (M.D.N.C. Apr. 23, 2010) (collecting cases "recogniz[ing] the general principle that a party who fails to address an issue has conceded the issue"), and forfeited their opportunity to object on this basis, *see Bernal v. United States*, No. 1:14CR23-2, 2020 WL 6156773, at *2 (M.D.N.C. Oct. 21, 2020) ("[T]he court need not consider new arguments raised by a party for the first time in objections to a magistrate[ judge's] recommendation.); *see also, e.g., Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988) ("We do not believe that the Magistrates Act was intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."), *overruled in part on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *Borden v. Secretary of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant "waived [issue] by failing to raise it before the magistrate," explaining that "[he] was entitled to a de novo review by the district court of the recommendations to which he objected,

therefore adopts the Magistrate Judge's Recommendation. Although the parties agree that the Court should tailor the relief awarded Plaintiffs, they do not appear to agree on the scope of that relief. (*See* ECF No. 130 at 29-30; ECF No. 131 at 28.) Accordingly, the Court will direct further briefing on the appropriate remedy.

IT IS THEREFORE ORDERED that Defendant's Motion, (ECF No. 106), and Plaintiffs' Motion, (ECF No. 108), are GRANTED IN PART and DENIED IN PART as follows: summary judgment is awarded Plaintiffs on their claims that the Settlement Provision violates their first-amendment and (first-amendment-related) equal-protection rights, but summary judgment is awarded Defendant on Plaintiffs' remaining claims.

IT IS FURTHER ORDERED that, on or before April 20, 2021, Plaintiffs shall file a memorandum addressing the appropriateness and scope of the permanent injunction (and any other relief) they seek, to which Defendant may respond on or before May 11, 2021, after which Plaintiffs may file a reply on or before May 25, 2021.

This, the 30th day of March 2021.

/s/ Loretta C. Biggs
United States District Judge

---

however he was not entitled to a de novo review of an argument never raised" (citation and emphasis omitted)); *Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) ("A magistrate[ judge's] decision should not be disturbed on the basis of arguments not presented to him. This rule is based upon the same concept which prevents parties from arguing in the appellate courts issues and arguments not raised below." (citation omitted)). In any event, Plaintiffs' objection fails to defeat summary judgment. As the Recommendation correctly notes, Plaintiffs' contention that "[a] reasonable trier of fact could conclude that race, national origin, and/or alienage was a motivating factor in enacting Section 20.5" (ECF No. 112 at 16 (emphasis omitted)) does not establish a Section 1981 claim under *Comcast Corp. v. National Assoc. of African Am.-Owned Media*, __ U.S. __, __ - __, 140 S. Ct. 1009, 1014-19 (2020) (rejecting argument that Section 1981 plaintiff need only show relevant characteristic constituted motivating factor in challenged action). (*See* ECF 124 at 82-84.) Moreover, Plaintiffs failed to create a genuine issue of material fact regarding whether race, national origin, and/or alienage constituted a substantial or motivating factor in the enactment of Section 20.5 (*see id.* at 62-76), further undermining their objection.