IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| FARM LABOR ORGANIZING COMMITTEE, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:17CV1037 |
| JOSHUA STEIN, | ) ) ) | |
| Defendant. | ) | |

## JUDGMENT

For the reasons stated in the Order filed contemporaneously with this Judgement,

IT IS HEREBY ORDERED AND ADJUDGED that:

(1) the "Settlement Provision" of Section 20.5 of the Farm Act that is codified in North Carolina General Statute Section 95-79(b) and created by the text underlined below (the "Settlement Clause"):

> Any provision that directly or indirectly conditions the purchase of agricultural products, the terms of an agreement for the purchase of agricultural products, <u>or the terms of an agreement not to sue or settle litigation</u> upon an agricultural producer's status as a union or nonunion employer or entry into or refusal to enter into an agreement with a labor union or labor organization is invalid and unenforceable as against public policy in restraint of trade or commerce in the State of North Carolina.

VIOLATES the First Amendment and first-amendment-related protections of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(2) Defendant, acting in his official capacity as Attorney General, and Defendant's officers, agents, servants, employees, and attorneys, and those persons acting in active concert

or participation with him, or under his supervision, are PERMANENTLY ENJOINED from threatening to enforce, taking any action to enforce, and/or enforcing Section 20.5 of the Farm Act insofar as it declares that any provision that directly or indirectly conditions the terms of an agreement not to sue or to settle litigation upon an agricultural producer's status as a union or nonunion employer or entry into or refusal to enter into an agreement with a labor union or labor organization is invalid and unenforceable as against public policy in restraint of trade or commerce in the State of North Carolina;

(3) Defendant SHALL assume control over and terminate any prosecutions for violation of the Settlement Clause as soon as Defendant learns of the initiation of any such prosecution;

(4) Defendant SHALL promptly provide notice and a copy of this Order to (A) his employees, (B) those under his supervision, (C) any other persons who are in active concert or participation with Defendant, his employees, or those under his supervision, and (D) the Commissioner of Labor and the district attorneys for each prosecutorial district of North Carolina as defined in North Carolina General Statute Section 7A-60(a)-(a1); and

(5) the Court's preliminary injunction is DISSOLVED.

This, the 15th day of September 2021.

/s/ Loretta C. Biggs
United States District Judge